UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

YOANDI HERNANDEZ

VERSUS

GEO GROUP INC ET AL

CIVIL ACTION NO.  6:25-CV-01901 SEC P

JUDGE DAVID C. JOSEPH

MAGISTRATE JUDGE CAROL B. WHITEHURST

**MEMORANDUM ORDER**

Before the court is a civil rights complaint [Doc. 5] filed by plaintiff Yoandi Hernandez, who is proceeding *pro se* in this matter.  Fontenot is an immigration detainee in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement (DHS/ICE) and is detained at the Joe Corley Detention Center (JCDC) in Conroe, Texas.  However, his claims arise out of incidents that occurred while he was detained at the Pine Prairie Ice Processing Center (PPIPC) in Pine Prairie, Louisiana.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

I.    **Background**

Hernandez alleges that while he was detained in PPIPC, he was subjected to "repeated sexual advances by Officer Candice Hill, who later resigned following a substantiated PREA[1] investigation. [Doc. 5, p. 3].  He further alleges that as the result of "extensive cooperation to ICE Supervisor personnel, Louisiana State Police, and GEO administrators, including documentary evidence of contraband trafficking involving narcotics, K2-laced materials, and cell phones," he faced threats, retaliation, and deliberate indifference; and that despite "formal reports to GEO and Law Enforcement no meaningful protective measures were taken." [*Id*., pp. 3, 5].  He also alleges

_____

[1] PREA stands for the Prison Rape Elimination Act, 34 U.S.C. § 30301 et seq.,

-1-

that he suffered from "medical neglect"… "including delayed treatment for physical and mental health needs." [*Id.*, p. 5]. Hernandez brings this action against the GEO Group, Inc., Wardens Patterson and Mayo, and Officer Candace Hill. He seeks "immediate release, or placement in protective custody, or location to a safe facility," an independent investigation by the ICE Office of Professional Responsibility (OPR) or the U.S. Department of Justice Civil Rights Division; injunctive relief to ensure compliance with PREA standards and federal medical oversight requirements; compensatory damages for physical and emotional harm; and punitive damages against the individual defendants [*Id.*, pp. 4, 7].

## II.    Law & Analysis

### A. *Frivolity Review*

Because Plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law similarly requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous...." 28 U.S.C. § 1915A(b)(1).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be

granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B.  Section 1983

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### C.  Rule 8 Considerations

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).  In other words, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).

The Court has identified several deficiencies in Plaintiff's allegations. Before proceeding further, Plaintiff should amend his Complaint, provide the information outlined below, and remedy the deficiencies described below. See *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

### 1.  *Defendants - Supervisory officials*

Hernandez names as defendant two individuals who appear to have a supervisory role, Warden Patterson and Warden Mayo.  Plaintiff should amend and explain what Wardens Patterson and Mayo did or did not do to violate Plaintiff's constitutional rights; in other words, Plaintiff should identify the specific actions for which he seeks monetary relief.

At the very least, Plaintiff should provide:

> (1) a separate description of what each Defendant did to violate Plaintiff's rights; in other words, a description of how each Defendant participated in the violation of his constitutional rights;
>
> (2) the place and date that each event occurred; and
>
> (3) a description of the injury, if any, sustained as a result of each alleged violation.

### 2.  *Claims – Lack of Medical Care and Retaliation*

#### a.  *Medical Care*

Hernandez claims he suffered from "medical neglect"… "including delayed treatment for physical and mental health needs." [*Id*., p. 5].  Plaintiff's allegations herein are insufficient.  He should amend his complaint to provide the following:

1. a description of his physical and mental medical condition before he was detained;

2. a description of each physical and mental injury, condition, or medical need he sustained during his incarceration and the harm sustained as a result of the defendant's fault;

3. any diagnosis that he received relating to his claims;

4. any medications, treatment, or apparatuses prescribed for his alleged injuries or condition;

5.  information concerning requests for care, as well as copies of any sick call requests or other requests for medical care;

6.  the treatment and medication he claims that he is entitled to;

7.  type of treatment he was given;

8.  the medication he was given;

9.  the date each medication was stopped;

10. any other information to establish that Defendants were deliberately indifferent (i.e. that Defendants knew of a substantial risk of serious harm to Plaintiff's health and disregarded that risk); and

**b.    *Retaliation***

Hernandez contends he was retaliated against for the "extensive cooperation" he provided "to "ICE Supervisor personnel, Louisiana State Police, and GEO administrators." [Doc. 5, p. 5]. Regarding these claims Hernandez should provide:

1.  how he was retaliated against or what was the act of retaliation;

2.  information regarding who retaliated against him; and

3.  evidence of the motivation for the retaliation or a chronological list of events from which retaliation can be inferred.

**III.  Conclusion**

Hernandez must amend his complaint to address the deficiencies described above, and to dismiss the claims that cannot be cured through amendment.

Accordingly,

-6-

**THE CLERK IS DIRECTED** to mail a copy of this order to Hernandez at his last address on file.

**IT IS ORDERED** that Hernandez amend his complaint within **forty (40) days** of the filing of this order to cure the deficiencies as outlined above. Failure to comply with this order may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co*., 82 S. Ct. 1386 (1962).  Fontenot is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

**SIGNED** in chambers on March 30, 2026.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**